IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN CREAR, SR., § § Plaintiff, § § § Civil Action No. 3:17-CV-0159-D VS. § § SELECT PORTFOLIO SERVICING, INC. § & DEUTSCHE BANK TRUST § COMPANY, NATIONAL ASSOCIATION § (AKA DEUTSCHE BANK NATIONAL § TRUST COMPANY), AS TRUSTEE, § IN TRUST FOR REGISTERED HOLDERS § OF LONG BEACH MORTGAGE LOAN § TRUST 2005- WL2, ASSET-BACKED § CERTIFICATES, SERIES 2005-WL2, § § Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Steven Crear, Sr. ("Crear") seeks a declaratory judgment and to enjoin the foreclosure of his residence. Crear alleges that such foreclosure is barred under Tex. Civ. Prac. & Rem. Code Ann. § 16.035 because it was not sought within the applicable four-year limitations period. Defendants filed a motion for summary judgment on December 15, 2017, but Crear has not responded to the motion.[1] For the reasons that follow, the court grants the motion and dismisses this action with prejudice by judgment filed today.[2]

---

[1] Crear's response was due January 5, 2018. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Regardless whether the court assumes that Crear or defendants will have the burden of proof at trial, the court holds that defendants have established without genuine dispute that they timely abandoned the 2009 acceleration.

> If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2), (3). Because defendants have established that they abandoned the 2009 acceleration, they were not required to foreclose within four years of the 2009 acceleration.

Defendants have also demonstrated that Crear's request for declaratory relief should be denied because he has no viable underlying cause of action.

Accordingly, defendants are entitled to summary judgment dismissing this action with prejudice.

\* \* \*

Defendants' December 15, 2017 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

February 6, 2018.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE